## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 22-113 |
| EBONY JEFFERSON-WITHERSPOON, | ) | Judge Nora Barry Fischer |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I.     INTRODUCTION

Presently before the Court is a "Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Retroactive Guideline Amendment 821)" filed by pro se Defendant Ebony Jefferson-Witherspoon.   (Docket No. 39).   The Federal Public Defender declined to file a counseled supplement and the Government was directed to respond.   (Docket No. 41).   The Government maintains that Defendant is ineligible for relief as the recent amendments to the U.S. Sentencing Guidelines are inapplicable in her case.   (Docket No. 42).   After careful consideration of the parties' positions and for the following reasons, Defendant's Motion [39] is DENIED, as she is ineligible for a sentence reduction under Amendment 821.

### II.     BACKGROUND

On May 25, 2022, Defendant Ebony Jefferson-Witherspoon waived indictment and pled guilty to one count of attempt to possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846, for conduct occurring on February 23, 2021 at Count One of the Information filed at Criminal Number 22-113.   (Docket Nos. 10; 11).   Prior to sentencing, the Court found in its Tentative Findings and Rulings that Defendant had a total offense level of 25, and a criminal history category of II, resulting in an advisory guidelines range of 63 to 78 months' imprisonment.   (Docket No. 22).

Defendant's criminal history included two criminal history points, with one point being assessed at ¶ 30 of the PIR for a 2010 conviction in Ohio for petty theft and another point being assessed at ¶ 31 of the PIR for a 2011 conviction in Ohio for theft.  (PIR at ¶¶ 30-31).  She was not assessed any status points under the former version of the U.S. Sentencing Guidelines.  (PIR at ¶¶ 32-33).  At the sentencing hearing on July 20, 2023, the Court sentenced Defendant to 24 months' incarceration and 3 years' supervised release.  (Docket No. 38).  She was ordered to pay a $100 special assessment and any fine was waived due to her inability to pay.  (*Id.*).

III.   LEGAL STANDARDS

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) ("A federal court generally may not modify a term of imprisonment once it has been imposed.").  One such specific authorization is 18 U.S.C. § 3582(c), which provides "an 'exception to the general rule of finality' over sentencing judgments."  *United States v. Rodriguez*, 855 F.3d 526, 529 (3d Cir. 2017), *as amended* (May 1, 2017) (quoting *Dillon*, 560 U.S. at 824).

> Section 3582(c)(2) applies to amendments to the Sentencing Guidelines. It provides that a district court may reduce a sentence if two conditions are met: (1) the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

*Rodriguez*, 855 F.3d at 529 (quoting 18 U.S.C. § 3582(c)(2)) (further citation omitted).

Relevant here, Amendment 821 revised if and when "status points" are applied to offenders who committed offenses while under another criminal justice sentence.  *See* U.S.S.G. § 4A1.1.  The prior version of the Guidelines, § 4A1.1, required that two criminal history points be assessed

for all such offenders.  U.S.S.G. § 4A1.1 (eff. Nov. 1, 2018).  The current version effective November 1, 2023 is more restrictive and directs the Court to "[a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."  U.S.S.G. § 4A1.1(e) (eff. Nov. 1, 2023).  Amendment 821 also includes an additional 2-level reduction for offenders who had zero criminal history points at the time of sentencing.  *See* U.S.S.G. § 4C1.1 (eff. Nov. 1, 2023) ("If the defendant meets all of the following criteria [in (1)-(10)] decrease the offense level determined under Chapters Two and Three by 2 levels.").  Although Amendment 821 has been made retroactive for offenders who were previously sentenced, the relevant guideline, § 1B1.10(b)(2)(A), contains certain limitations, including that an offender's sentence may not be reduced "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

If it is determined that a defendant is eligible for relief under Guideline § 1B1.10, "§ 3852(c)(2) [next] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies […] is warranted in whole or in part under the particular circumstances of the case."  *Dillon*, 560 U.S. at 827.  "In addition, a district court 'shall consider the nature and seriousness of the danger to any person or the community' and 'may consider post-sentencing conduct of the defendant.'" *Rodriguez*, 855 F.3d at 529 (quoting U.S.S.G. § 1B1.10, cmt. n.1(B)(ii-iii)) (further citation omitted).  A defendant does not have a right to an evidentiary hearing in section 3582(c) proceedings as such proceedings "do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3); *see also* Fed. R. Crim. P. 43(b)(4) ("A defendant need not be present" when "[t]he proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)").

IV. DISCUSSION

Returning to the instant matter, Defendant's pro se Motion must be denied because the recent amendments do not affect the computations of the advisory guidelines range in her case. To that end, she is not a "zero-point offender" because she had two criminal history points at the time of her sentencing. *See* U.S.S.G. § 4C1.1 (eff. Nov. 1, 2023). She also did not commit the offense while she was under another criminal justice sentence and therefore was not assessed any "status points" in computing her criminal history score. *See* U.S.S.G. § 4A1.1. (eff. Nov. 1, 2023). Stated differently, if Defendant were sentenced today, she would still be subject to a total offense level of 25, a criminal history category of II, and an advisory guidelines range of 63-78 months' imprisonment. Hence, she is ineligible for relief under Amendment 821 and both her motion and her corresponding request for the appointment of counsel must be denied. *See United States v. Banks*, Cr. No. 18-579-1, 2024 WL 919835, at *3 (E.D. Pa. Mar. 4, 2024) ("Since Banks is not eligible for relief under Amendment 821, there is no need to appoint him counsel.").

V. CONCLUSION

Based on the foregoing, Defendant Ebony Jefferson-Witherspoon's pro se Motion [39] is DENIED. An appropriate Order follows.

                                             *s/ Nora Barry Fischer*
                                             Nora Barry Fischer
                                             Senior United States District Judge

Dated: April 10, 2024

cc/ecf: All counsel of record

cc:     Ebony Jefferson-Witherspoon
        Reg. No. 02758-510
        FPC Alderson
        Federal Prison Camp
        Glen Ray Rd. Box A
        Alderson, WV 24910 (via first class mail)